

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2003

# USA v. Overton

Precedential or Non-Precedential: Non-Precedential

Docket 02-2467

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Overton" (2003). *2003 Decisions.* Paper 854.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/854

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

No. 02-2467

———————

UNITED STATES OF AMERICA

v.

JOSEPH L. OVERTON,

Appellant

———————

On Appeal from the United States District Court
for Eastern District of Pennsylvania
(D.C. Crim. No. 01-cr-00431)
District Judge:  Hon. Petrese B. Tucker

———————

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2003

Before:  SLOVITER, RENDELL, Circuit Judges
and DEBEVOISE,* District Judge

(Filed:  January 28, 2003)

———————

OPINION OF THE COURT

———————

* Hon. Dickinson R. Debevoise, Senior Judge, United States District Court for the
District of New Jersey, sitting by designation.

SLOVITER, <u>Circuit Judge</u>.

## I.

Joseph Overton, who pled guilty to bank robbery and escape in violation of 18 U.S.C. §§ 2113(a) and 751(a), appeals from the District Court's judgment sentencing him to 77 months imprisonment. Overton, who moved for a downward departure under both U.S.S.G. § 5K2.0 and § 5K2.13, argues that the District Court failed to rule on his § 5K2.0 motion, and that as a result we should remand.

Prior to Overton's sentencing hearing, he submitted a request for a downward departure, claiming diminished capacity under U.S.S.G. § 5K2.13 and mental and emotional conditions under U.S.S.G. §§ 5H1.3, 5K2.0. In his sentencing memorandum, Overton included the report of Dr. Gary Glass, a psychiatrist, who concluded that Overton suffers from bipolar disorder. The Government argued that Overton was not entitled to a downward departure under § 5K2.13 because his lengthy criminal history (eleven prior convictions) precluded the departure. The Government also argued that there was a lack of evidence that Overton's emotional or mental condition were so extraordinary as to warrant relief under § 5H1.3 and/or § 5K2.0.

The District Court heard arguments on the downward departure motion. Defense counsel did not reference § 5K2.0 during the hearing, but argued that Overton was entitled to a departure because of an untreated mental disorder and emotional problems, which substantially contributed to the commission of his crime.

The District Court, while recognizing its authority to depart, denied the downward

departure stating it did not find sufficient evidence establishing that Overton's mental health substantially contributed to his commission of the offense and that his mental health and emotional condition did not rise to the level warranting the court to depart.

After this ruling, defense counsel stated that he was ready to proceed with sentencing and did not raise the § 5K2.0 motion or request clarification of the ruling. The court then sentenced Overton to 77 months imprisonment, within the applicable range of 77 to 96 months.

## II.

A downward departure may be appropriate under § 5K2.13 "if the defendant committed the offense while suffering from a significantly reduced mental capacity." U.S.S.G. § 5K2.13. A departure is permitted under § 5K2.0 if "'there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)). Overton argued that a departure under § 5K2.0 was appropriate because Overton's mental illness was so exceptional and severe that a departure was required.

After the District Court expressly acknowledged its authority to depart, it used its discretion to deny the downward departure, and stated its basis for doing so. The District Court stated that it recognized Overton's mental health issues and had reviewed Dr. Glass's evaluation, but was still of the opinion that Overton's "mental health and emotional condition do not rise to the level warranting this Court to depart." App. at 70. This

encompassed not only its reasoning on the diminished capacity ground for the departure motion but also the § 5K2.0 ground, because in this case they present nearly identical issues. Therefore, we reject Overton's argument that the District Court failed to rule on his § 5K2.0 ground for departure, even though the District Court did not expressly reference § 5K2.0.

Moreover, Overton did not argue to the District Court that it had overlooked his § 5K2.0 argument. That guideline section had not been called to its attention. Therefore, we review for plain error, a standard Overton has patently not met. In light of our decision, we need not reach the Government's contention that § 5K2.0 cannot be used to circumvent the § 5K2.13 requirements.

For the reasons set forth, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.

_____/s/ Delores K. Sloviter_____
Circuit Judge